IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.   12-cv-00258-WYD-MJW

SHARON R. ROSE,

Plaintiff,

v.

KENNETH L. SALAZAR, Secretary, Department of the Interior, in charge of the U.S. Fish and Wildlife Service, a Federal Agency, under his department,

Defendant.

---

### RECOMMENDATION ON
### DEFENDANT'S PARTIAL MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(1) (Docket No. 11)

---

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

This case is before this court pursuant to an Order Referring Case (Docket No. 4) issued by Chief Judge Wiley Y. Daniel on February 8, 2012.

### PLAINTIFFS' ALLEGATIONS

Plaintiff Sharon Rose asserts the following in her Complaint (Docket No. 1). Plaintiff's action is brought pursuant to the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623(A) *et seq.*   Plaintiff, who is currently 60 years old, has been employed by the U.S. Fish and Wildlife Service in various capacities since 1977.  From June 2003 through August 2010, plaintiff's job title was Assistant Regional Director for External Affairs.  Starting in 2008, a series of incidents occurred which lead plaintiff to believe she was being discriminated against due to her age.  On August 2, 2010, plaintiff was informed that she would be placed on a temporary one year detail as the

Acting Regional Director to Fisheries.  Plaintiff was also informed that she would not be able to return to her former position following the one year assignment.  Meanwhile, an individual younger than plaintiff was placed in plaintiff's former position.  Eventually plaintiff filed an official complaint with her agency's Office of Civil Rights and Diversity.  Following plaintiff's Equal Employment Office ("EEO") complaint, several more incidents occurred supporting plaintiff's suspicion of age discrimination.

In the present matter, Claim One asserts violations of the ADEA by defendant.  Claim Two asserts that plaintiff was retaliated against by defendant for filing a charge of discrimination and advocating for her rights under the ADEA.

**PENDING MOTION**

Now before the court for a report and recommendation is Defendant's Partial Motion to Dismiss (Docket No. 11).  The court has carefully considered the Complaint (Docket No. 1), defendant's motion (Docket No. 11), and plaintiff's response (Docket No. 14).  In addition, the court has taken judicial notice of the court's file, and has considered the applicable Federal Rules of Civil Procedure and case law.  The court now being fully informed makes the following findings of fact, conclusions of law and reccomendations.

Defendant argues the allegations of discrimination contained in plaintiff's complaint which took place between April 2011 and September 8, 2011 must be dismissed.  Defendant contends that plaintiff failed to contact an EEO counselor within the required forty-five days, and thus the allegations contained in paragraphs 44 through 47 of plaintiff's complaint must be dismissed for failure to exhaust.  In response, plaintiff argues that the allegations contained in paragraphs 45 through 47 (and to some

3

extent 44) are properly included as background evidence to support a timely claim.

Under Rule 12(b)(1), a court may dismiss a complaint for "lack of jurisdiction over the subject matter." Fed. R. Civ. P. 12(b)(1). The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. See Basso v. Utah Power & Light Co., 495 F.2d 906, 909 (10th Cir. 1974). Motions to dismiss pursuant to Rule 12(b)(1) take two forms. First, a party may attack the facial sufficiency of the complaint, in which case the court must accept the allegations of the complaint as true. Holt v. United States, 46 F.3d 1000, 1002-03 (10th Cir. 1995). Second, if a party attacks the factual assertions regarding subject matter jurisdiction through affidavits and other documents, the court may make its own findings of fact. See id. at 1003. A court's consideration of evidence outside the pleadings will not convert the motion to dismiss to a motion for summary judgment under Rule 56. See id.

Federal employees who believe they have been discriminated against on the basis of age must consult an EEO counselor prior to filing a complaint with the employee's agency. 29 C.F.R. § 1614.105(a). The employee "must initiate contact with a Counselor within 45 days of the date of the matter alleged to be discriminatory or, in the case of a personnel action, within 45 days of the effective date of the action." Id. § 1614.105(a)(1). Exhaustion of administrative remedies is a jurisdictional prerequisite for a federal employee asserting employment discrimination in a civil action. Woodman v. Runyon, 132 F.3d 1330, 1341 (10th Cir. 1997). "[E]ach discrete incident of [discrimination] constitutes its own 'unlawful employment practice' for which administrative remedies must be exhausted." Martinez v. Potter, 347 F.3d 1208, 1210 (10th Cir. 2003) (citing Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101 (2002)).

However, there is nothing to bar "an employee from using the prior acts as background evidence in support of a timely claim." Morgan, 536 U.S. at 113.

Here, plaintiff does not appear to disagree that claims based on incidents detailed in paragraphs 45, 46, and 47 are barred. However, plaintiff argues that the allegations can properly be included in the complaint as background evidence. In addition, plaintiff argues that paragraph 44 does not contain an allegation of a discrete incident.

The court agrees with plaintiff that paragraph 44 does not allege a discrete incident of discrimination. The court finds that any claims based on the discrete incidents of discrimination alleged in paragraphs 45, 46, or 47 of plaintiff's complaint are barred due to failure to exhaust. However, following the reasoning in Morgan, the court will not strike those paragraphs from plaintiff's complaint as they may contain relevant evidence as to plaintiff's timely claims.

**WHEREFORE,** for the foregoing reasons, it is hereby

**RECOMMENDED** that Defendant's Partial Motion to Dismiss (Docket No. 11) be **GRANTED** insofar as any claims based on the discrete incidents of discrimination alleged in paragraphs 45, 46, or 47 of plaintiff's complaint are barred. It is further

**RECOMMENDED** that Defendant's Partial Motion to Dismiss (Docket No. 11) be **DENIED** insofar as paragraph 44 does not allege a discrete incident of discrimination.

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District**

5

**Judge assigned to the case. A party may respond to another party's objections within fourteen (14) days after being served with a copy. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written, specific objections waives de novo review of the recommendation by the District Judge, Thomas v. Arn, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions. Makin v. Colo. Dep't of Corr., 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Date:  May 14, 2012                           s/ Michael J. Watanabe
       Denver, Colorado                       Michael J. Watanabe
                                              United States Magistrate Judge