# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
MAGISTRATE JUDGE MICHAEL J. WATANABE

Civil Action No. 12-cv-00258-WYD-MJW

SHARON R. ROSE,

    Plaintiff,

v.

KENNETH SALAZAR, Secretary, U.S. Department of Interior,

    Defendant.

---

## PROTECTIVE ORDER ( Docket No. 18-1 )

---

This is an action seeking redress for alleged violations of Age Discrimination in Employment Act. Defendant believes that because of the nature of this action, discovery will include information maintained by Defendant that may be subject to the provisions of the Privacy Act and otherwise subject to protection from disclosure. Defendant objects to the disclosure of such information unless the disclosure is authorized and governed pursuant to a Protective Order.

The Court has considered the Unopposed Motion for Entry of Stipulated Protective Order. Upon a showing of good cause in support of the entry of this Protective Order, the Court **GRANTS** said Motion. Thus, pursuant to 5 U.S.C. § 552a(b)(11) and Fed. R. Civ. P. 26(c), to protect the discovery and dissemination of confidential information or information which will improperly annoy, embarrass, or oppress any party, witness, or person providing discovery in this case, **IT IS HEREBY ORDERED:**

1.  If Defendant produces to Plaintiff a document that would otherwise be protected by the Privacy Act, this order is an order of the court pursuant to 5 U.S.C. § 552a(b)(11) which allows for such production.

2.  To address certain types of confidential information and documents covered by this Protective Order, the parties have agreed to designate certain information as "confidential" and limit disclosure accordingly. This Protective Order shall apply to documents, materials, and information disclosed pursuant to disclosure or discovery duties created by the Federal Rules of Civil Procedure. This includes, without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information.

3.  "Confidential Information" means any document, file, portions of files, transcribed testimony, or response to a discovery request, including any extract, abstract, chart, summary, note, or copy made therefrom which, after having been reviewed by one of the lawyers for the Stipulating Parties in this case, is designated by that lawyer as confidential based on a good faith belief that the information is indeed confidential or otherwise entitled to protection under Fed. R.Civ. P. 26(c). The designation as "Confidential Information" only affects how the receiving party or party's counsel handles such documents or information. That is, the designation does not affect how the party or party's counsel who produces the document or information handles such documents or information apart from designating such documents or information as confidential pursuant to this Protective Order.

4. The lawyer for the party designating any information as Confidential will make that designation in the following manner:

   a. By imprinting the word "Confidential" on the first page of any document or group of documents produced;

   b. By imprinting the word "Confidential" next to or above any response to a discovery request;

   c. With respect to transcribed testimony, by giving written notice to opposing counsel designating such portions as "Confidential;" and

   d. With respect to documents provided by any third party to this action, by giving written notice to opposing counsel designating such portions as "Confidential."

5. All Confidential Information shall be subject to the following restrictions:

   a. It shall be used only for the purpose of this litigation and not for any business or other purpose whatsoever;

   b. It shall not be communicated or disclosed by any party's counsel or a party in any manner, either directly or indirectly, to anyone except for purposes of this case and unless an affidavit has been signed by the recipient of the Confidential Information agreeing to abide by the terms of this Protective Order.

3

6. Individuals authorized to review Confidential Information pursuant to this Protective Order also shall hold Confidential Information in confidence and shall not divulge the Confidential Information, either verbally or in writing, to any other person, entity or government agency unless authorized to do so by court order or written agreement by the party disclosing the Confidential Information.

7. Any counsel or party who discloses Confidential Information shall be responsible for assuring compliance with the terms of this Protective Order by persons to whom such Confidential Information is disclosed and shall obtain and retain original affidavits signed by qualified recipients of Confidential Information, and shall maintain a list of all persons to whom any Confidential Information is disclosed. During the pendency of this action, opposing counsel may upon court order or agreement of the parties inspect the list maintained by counsel.

8. No copies of Confidential Information shall be made except by or on behalf of counsel in this litigation. Such copies shall be made and used solely for purposes of this litigation. During this litigation, counsel shall retain custody of Confidential Information, and copies made therefrom.

9. A party may object to the designation of particular Confidential Information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as Confidential to file an appropriate motion [consistent with D.C.Colo.LCivR 7.2] requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the

4

disputed information shall be treated as Confidential under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as Confidential and shall not thereafter be treated as Confidential in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as Confidential shall bear the burden of establishing that good cause exists for the disputed information to be treated as Confidential.

10. If either party wishes to use, quote, or discuss Confidential Information in any court filing or proceeding in this action, including but not limited to its use at trial, the party proposing such use shall first confer with opposing counsel regarding the proposed disclosure.

11. Upon termination of this litigation, including any appeals, each party's counsel shall immediately return to the producing party all Confidential Information provided subject to this Protective Order, and all extracts, abstracts, charts, summaries, notes or copies made therefrom, or shall destroy such information. The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Information pursuant to this Protective Order, and the Court shall retain continuing jurisdiction to enforce the terms of this Protective Order until Termination of This Case.

12. By agreeing to the entry of this Protective Order, the Stipulating Parties adopt no position as to the authenticity or admissibility of documents produced.

13. Nothing in this Protective Order shall preclude any party from filing a motion seeking further or different protection from the Court under Rule 26(c) of the

Federal Rules of Civil Procedure, or from filing a motion addressing how Confidential Information shall be treated at trial.

14. This Protective Order may be modified by the Court at any time for good cause showing following notice to all parties and an opportunity for them to be heard.

DATED this 21st day of May, 2012.

By the Court:

*/s/ Michael J. Watanabe*

MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE
DISTRICT OF COLORADO

PROTECTIVE ORDER TENDERED
FOR REVIEW:

RALPH GILBERT TORRES
Ralph G. Torres, Law Office of
1801 Broadway
#1100
Denver, CO 80202-3839
303-297-8427
Fax: 303-292-3661
Email: rgtorres99@aol.com
Counsel for Plaintiff

JOHN F. WALSH
United States Attorney
s/Mustafa A. Hersi
MUSTAFA A. HERSI
Assistant United States Attorney
1225 Seventeenth Street, Suite 700
Denver, Colorado 80202
Telephone:(303) 454-0100
Fax: (303) 454-0404
E-mail: Mustafa.Hersi@usdoj.gov
Counsel for Defendant