IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.   12-cv-00258-WYD-MJW

SHARON R. ROSE,

    Plaintiff,

v.

KENNETH L. SALAZAR, Secretary, Department of the Interior, in charge of the U.S. Fish and Wildlife Service, a Federal Agency, under his department,

    Defendant.

## ORDER

I.     INTRODUCTION AND FACTUAL BACKGROUND

THIS MATTER is before the Court on Defendant's Motion for Summary Judgment (ECF No. 34) filed March 13, 2013.  Specifically, Defendant filed its motion for summary judgment as to Plaintiff Sharon Rose's claim of age discrimination, in violation of the Age Discrimination Employment Act ("ADEA") and Rose's claim of retaliation in violation of the ADEA.  Based on my review of the pleadings and relevant record, the motion for summary judgment is denied.

This case arises out of Plaintiff Sharon Rose's ("Rose") employment with the United States Fish & Wildlife Service ("FWS"), an agency within the United States Department of Interior ("DOI").  Rose, who is over forty years of age, is currently employed as the Assistant Regional Director ("ARD") for the Fisheries in the FWS's Region 6 program.  On August 23, 2010, Rose was detailed from her previous position as FWS's Region 6 External Affairs ARD to her current position as the Fisheries ARD.

### Age Discrimination Claim

Rose testified that the decision to involuntarily detail and eventually reassign her as FWS's Region 6 ARD for Fisheries was the adverse employment action taken against her. Rose testified that Region 6's Regional Director Steven Guertin and Deputy Regional Director Noreen Walsh detailed Rose to her current position because they wanted Rose to retire so that Guertin and Walsh could replace Rose with a "younger, go-getter manager who they believed was exactly the person they wanted in the position [External Affairs ARD], and until [Rose] retired they could not put him in that position because [Rose] was occupying it." (Rose Dep. 122:14-20, ECF No. 34-11).

### Retaliation Claim

Rose testified that on October 14, 2010—approximately five weeks after the submission of her initial EEO complaint of discrimination—she attending a meeting of Assistant Regional Directors of Fisheries from all U.S. Fish and Wildlife Service Regions across the country in Portland, Oregon. During this meeting, the acting Director of the FWS, Rowan Gould, addressed the 13-14 attendees and stated that "if you think you're going to file some kind of EEO complaint and then be considered a team player, it's much harder to be a team player on the outside than it is on the inside." (Rose Dep. 107:1-4, ECF No. 34-11). Additionally, Rose testified that the morning before Gould made these comments, Rose she saw Gould in the hotel lobby, and when Rose "stuck out [her]hand and said [her] name, [Gould] said, 'oh, I know who you are,' and then turned around and started talking to other people." (Rose Dep. 105:13-25, ECF No. 34-10).

### EEO Contact

On September 10, 2010, Rose contacted the Equal Employment Opportunity ("EEO") counselor, and counseling began on that same date. On October 23, 2010, Plaintiff filed a Complaint of Discrimination, alleging discrimination on the basis of her age and reprisal. On November 10, 2010, in order to avoid an alleged conflict of interest, Inez Uhl, Chief of the FWS's Office of Diversity and Inclusive Workforce Management, sent a memo to the Director of the DOI's Office of Civil Rights requesting that the FWS designate an alternate DOI EEO Office to process Rose's Complaint of Discrimination. (Inez Uhl Memorandum, ECF No. 35-12). Thus, on November 23, 2010, Rose's complaint was transferred to the DOI Office of Surface Mining for alternate processing "due to the Service's Acting Director being named in the attached complaint." (Inez Uhl Memorandum, ECF No. 35-12). On November 7, 2011, the DOI issued a Final Agency Decision finding that Rose "was not subjected to discrimination based on her age or harassment based on prior EEO activity." (ECF No. 34-6). On November 29, 2011, Plaintiff filed the instant action in this Court.

II.     STANDARD OF REVIEW

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, the court may grant summary judgment where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the . . . moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Equal Employment Opportunity Comm'n. v. Horizon/CMS Healthcare Corp.*, 220

F.3d 1184, 1190 (10th Cir. 2000).  "When applying this standard, the court must view the evidence and draw all reasonable inferences therefrom in the light most favorable to the party opposing summary judgment." *Atlantic Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1148 (10th Cir. 2000) (internal quotation marks omitted).  All doubts must be resolved in favor of the existence of triable issues of fact.  *Boren v. Southwestern Bell Tel. Co.*, 933 F.2d 891, 892 (10th Cir. 1991).

III.   ANALYSIS

    A.   Whether Summary Judgment is Proper on Rose's Age Discrimination Claim

"The ADEA states that it is unlawful for an employer 'to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age . . . .'" *Stone v. Autoliv ASP, Inc.*, 210 F.3d 1132, 1136 (10th Cir. 2000) (quoting 29 U.S.C. § 623(a)(1)).  A claim of age discrimination under the ADEA can be proven by either direct or circumstantial evidence.  *Id*.  "'A plaintiff proves discrimination through direct evidence by establishing proof of an existing policy which itself constitutes discrimination.'" *Id.* (quoting *Ingels v. Thiokol Corp.*, 42 F.3d 616, 620 (10th Cir. 1994)).  "In all other cases, the plaintiff seeks to prove discrimination through circumstantial evidence." *Howard v. Garage Door Corp. Inc.*, No. 02-3163, 2005 WL 481564 at *2 (10th Cir. 2005) (citing *Danville v. Regional Lab. Corp.*, 292 F.3d 1246, 1249 (10th Cir. 2002)).

"Such a claim can survive summary judgment only where the plaintiff has

presented sufficient evidence to show there is a genuine issue of material fact pertaining to whether the plaintiff's age actually motivated the allegedly discriminatory conduct." *Id.* (citing *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 141 (2000)). "In determining whether the circumstantial evidence presented by the plaintiff in a given case is sufficient to establish a genuine issue of material fact, the Supreme Court has directed the application of the burden-shifting framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-05, 93 S.Ct. 1817, 36 L.ED.2d 668 (1973)." *Id.*

"The *McDonnell Douglas* framework comprises three burden shifting steps." *Id.* "Initially, the burden rests with the plaintiff to establish a prima facie case of discrimination." *Id.* If the plaintiff establishes a prima facie case, "the burden then shifts to the defendant to 'articulate some legitimate, nondiscriminatory reason' for its employment action." *Id.* (quoting *McDonnell Douglas*, 411 U.S. at 802). "Finally, if the defendant articulates a nondiscriminatory reason, then the burden shifts to the plaintiff to show that the proffered reason is merely a pretext for discrimination." *Id.* "Where the parties have satisfied their respective burdens under the *McDonnell Douglas* framework, summary judgment is ordinarily inappropriate." *Id.*

Here, Rose offered circumstantial evidence of age discrimination. She proffered evidence that she was involuntarily detailed from her ARD-External Affairs position to the ARD-Fisheries position while a younger man with far less experience was assigned to the ARD-External Affairs position. Thus, I apply the *McDonnell Douglas* burden shifting framework to determine whether summary judgment is appropriate.

To establish a prima facie case of age discrimination, a plaintiff must show: "(1) that plaintiff belongs to a protected class; (2) that she suffered an adverse employment action; and (3) that the adverse employment action occurred under circumstances giving rise to an inference of discrimination." *Hysten v. Burlington Northern & Santa Fe Railway Co.*, 296 F.3d 1177, 1181 (10th Cir. 2002). "The real question . . . is whether a plaintiff has shown actions taken by the employer from which one can infer, if such actions remain unexplained, that it is more likely than not that such actions were based on a discriminatory criterion illegal under the Act." *Id.* (internal quotation marks omitted).

Here, Defendant concedes that Rose has met her prima facie burden pursuant to *McDonnell Douglas*. (Mot. at 29). Thus, I turn the second step of the *McDonnell Douglas* analysis. The burden now shifts to Defendant to articulate a legitimate, nondiscriminatory reason for its decision to detail and reassign Rose to serve as ARD-Fisheries. *See McDonnell Douglas*, 411 U.S. at 802. Here, Defendant contends that Rose's supervisors, Walsh and Guertin, detailed Rose to the ARD-Fisheries position because they wanted a skilled communicator, leader, and partnership builder in order to make the Fisheries more relevant at the national level. I find that this is a nondiscriminatory reason, therefore, the burden shifts to Rose to show that the proffered reason is merely a pretext for discrimination. *Id.*

Generally, a plaintiff shows pretext in one of three ways: (1) with evidence that the defendant's stated reasons for the adverse employment action were false; (2) with evidence that the defendant acted contrary to a written company policy prescribing the

action to be taken by the defendant under the circumstances; or (3) with evidence that the defendant acted contrary to an unwritten policy or contrary to company practice when making the adverse employment decision affecting the plaintiff.  *Plotke v. White*, 405 F.3d 1092, 1102-03 (10th Cir. 2005) (internal citations omitted).  A plaintiff's evidence can also allow for an inference that the "'employer's proffered non-discriminatory reasons [were] either a post hoc fabrication or otherwise did not actually motivate the employment action (that is, the proffered reason is a pretext).'"  *Id.* (quoting *Fuentes v. Perskie*, 32 F.3d 759, 764 (3d Cir.1994)).  Evidence of pretext may also include the use, by the employer, of subjective criteria in its employment decision.  *Garrett v. Hewlett-Packard Co.*, 305 F.3d 1210, 1217-18 (10th Cir. 2002) (internal citations omitted).

     Defendant maintains that Rose was involuntarily detailed into the ARD-Fisheries position due to her superior leadership and communication skills which were needed in Fisheries.  However, Rose testified at her deposition that while she served as the ARD-External Affairs, Walsh regularly criticized Rose for her lack of specific leadership skills and suggested Rose read leadership books and attend leadership training.  (Rose Dep. 38:10-25, 41-45, ECF No. 34-8).   Rose also put forth evidence that Walsh downgraded her performance appraisal rating in 2009 in four out of five categories including Rose's leadership and strategic planning in functioning as a Native American Liaison.  (ECF No. 40-2 at 1-6).  Additionally, just a couple of months prior to Rose's involuntary detail to the ARD-Fisheries position, Walsh encouraged and approved leadership training for Rose on her Individual Development Plan.  (ECF No. 40-2 at 7-11).  Viewing this

evidence in a light most favorable to Rose, I find that Defendant's proffered non-discriminatory reasons are pretextual due to weaknesses, inconsistencies, and contradictions. Accordingly, Rose's ADEA claim survives summary judgment.

### B. Whether Summary Judgment is Proper on Rose's Retaliation Claim

Rose's final claim is that Defendant retaliated against her because she filed a discrimination charge with the EEO. Because Rose again relies on circumstantial evidence in support of her retaliation claim, it is subject to the three-step *McDonnell Douglas* burden shifting analysis. *Somoza v. Univ. of Denver*, 513 F.3d 1206, 1211 (10th Cir. 2008). To establish a prima facie case of retaliation, a plaintiff must demonstrate that a genuine issue of fact exists as to each of the following elements*:* "(1) [s]he engaged in protected opposition to discrimination; (2) [s]he suffered an adverse employment action; and (3) there is a causal connection between the protected activity and the adverse employment action." *O'Neal v. Ferguson Construction Co.*, 237 F.3d 1248, 1252 (10th Cir. 2001); *Argo v. Blue Cross & Blue Shield*, 452 F.3d 1193, 1202 (10th Cir. 2006). After a plaintiff makes a prima facie showing, a defendant must articulate a legitimate, nondiscriminatory reason for the adverse employment action. *Id.* Plaintiff must respond by demonstrating a defendant's asserted reasons for the adverse action are pretextual. *Id.* "A causal connection may be shown by evidence of circumstances that justify an inference of retaliatory motive, such as protected conduct followed by adverse action." *Haynes v. Level Three Communications, LLC*, 456 F.3d 1215, 1228 (10th Cir. 2006) (internal quotation omitted).

Here, Rose satisfies the requirements of a prima facie case of retaliation. On September 10, 2010, Rose contacted an EEO counselor. On October 23, 2010, she filed her Complaint of Discrimination with the EEO, which qualifies as protected opposition to discrimination. Approximately five weeks after the submission of Rose's initial EEO contact, Rose testified that on October 14, 2010, FWS Acting Director Rowan Gould stated to Rose and her peers that "if you think you're going to file some kind of EEO complaint and then be considered a team player, it's much harder to be a team player on the outside than it is on the inside." (Rose Dep. 107:1-4, ECF No. 34-11). I find that these statements, coupled with the fact that after she filed her EEO Complaint of Discrimination Rose's involuntary detail to ARD-Fisheries was converted to a permanent status, qualify as adverse employment actions in the sense that they might have dissuaded a reasonable employee from bringing the charge. I also find that the close temporal proximity between the EEO charge and Rowan Gould's comments — five weeks — is sufficient to allow an inference that a causal connection existed between the EEO charge and Defendant's alleged reprisal. *See Anderson v. Coors Brewing Co.*, 181 F.3d 1171, 1179 (10th Cir. 1999).

With respect to the second step in the *McDonnell Douglas* analysis, I find Defendant articulated a legitimate, non-retaliatory reason for Rose's detail and reassignment to ARD-Fisheries, the need for increased communication and leadership skills. Applying the final step in the *McDonnell Douglas* analysis, for reasons stated above, I find genuine issues of fact exist as to whether the legitimate, non-retaliatory reason asserted by Defendant for Rose's involuntary detail gives rise to an inference of

pretext. Also, it is disputed as to whether Gould was aware of Rose's EEO filing at the time he made the "threatening" statements. It is also disputed as to whether Gould made the "threatening" statements at all. Therefore, Rose's retaliation claim survives summary judgment.

Finally, I address Defendant's contention that Rose did not properly exhaust her retaliation claims with the EEO. Plaintiffs who allege discrimination by an executive agency, as defined in 5 U.S.C. § 105 to include executive departments, must first consult with an EEO counselor "prior to filing a complaint in order to try to informally resolve the matter." 29 C.F.R. § 1614.105(a). Contact must be initiated with the EEO counselor "within 45 days of the date of the matter alleged to be discriminatory." *Id.* § 1614.105(a)(1). This and other deadlines have been construed as statutes of limitations and are thus, subject to waiver, estoppel, and equitable tolling. *See Beene v. Delaney*, 70 F.App'x 486, 490-91 (10th Cir. June 27, 2003); *see Hanlen v. Henderson*, 215 F.3d 1336, 2000 WL 628205, at *3 (10th Cir. May 16, 2000) (addressing the 45-day deadline).

Moreover, in *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002), the Supreme Court clarified that contact with an EEO counselor is required within 45 days of each discrete discriminatory action and that "[e]ach incident of discrimination and each retaliatory adverse employment decision constitutes a separate actionable unlawful employment practice." *Martinez v. Potter*, 347 F.3d 1208, 1210 (10th Cir. 2003) (citing *Morgan*, 536 U.S. at 114) (internal quotation marks omitted). A plaintiff must exhaust her administrative remedies as to each discrete act of

discrimination before filing suit. *Apsley v. Boeing, Co.*, 691 F.3d 1184, 1210 (10th Cir. 2012).

Defendant argues that Rose's retaliation claim is limited to the single issue she exhausted—that Director Rowan Gould made statements in front of Rose and her peers that Rose perceived as retaliatory and chilling to her rights for filing an EEO charge against Defendant—because Rose did not contact an EEO counselor within forty-five days of any other alleged retaliatory incident. Thus, Defendant claims that Rose cannot claim that the transfer of her EEO investigation to another department was retaliatory. I agree that Rose failed to put forth evidence that she contacted an EEO counselor regarding the transfer of her EEO complaint to the DOI Office of Surface Mining, which precludes her from bringing this discrete act of discrimination as a separate retaliation claim. However, I do find that Rose may use this evidence at trial in support of her claim that Rowan Gould's "reprisal threats" were retaliatory.

IV.   CONCLUSION

Based upon the foregoing, it is

ORDERED that Defendant's Motion for Summary Judgment (ECF No. 34) is **DENIED**.

Dated:  December 18, 2013

                                      BY THE COURT:

                                      s/ Wiley Y. Daniel
                                      Wiley Y. Daniel
                                      Senior United States District Judge